# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FRIENDLY HOUSE; SAMUEL U
CHAVIRA; TAMMY GREGOIRE; JULIA
V, by and through his guardian ad
litem; V BETO; MARISOL C, by and
through their guardian ad litem;
ADAN C; FRANCISCO C; ALEJANDRA
C; LUCY A; JOAQUIN G, by and
through their guardian ad litem;
MANUEL G; JOSE G; MARIA S, by
and through their guardian ad
litem; SERGIO S; JUANITA S;
NATHAN S; MARCO S; CLAUDIA S;
LYDIA HERNANDEZ,
    *Plaintiffs-Appellants,*

   v.

JANET NAPOLITANO, in her official
capacity as Governor of the State
of Arizona; JAN BREWER, in her
official capacity as Secretary of
State of the State of Arizona;
DAVID A BERNS, Director of the
Arizona Dept of Economic
Security,
    *Defendants-Appellees,*

YES ON PROPOSITION 200; RANDY
PULLEN; FEDERATION FOR AMERICAN
IMMIGRATION REFORM; KATHY
MCKEE; CLAUDIA BLOOM,
    *Defendants-Intervenors-*
       *Appellees.*

No. 05-15005

D.C. No.
CV-04-00649-DCB
District of Arizona,
Tucson

ORDER

10233

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
June 13, 2005—San Francisco, California

Filed August 9, 2005

Before: Alfred T. Goodwin, Thomas M. Reavley,* and
Johnnie B. Rawlinson, Circuit Judges.

## COUNSEL

Hector O. Villagra, Mexican American Legal Defense and
Educational Fund, Los Angeles, California, for the plaintiffs-
appellants.

Mary O'Grady, Office of Attorney General, Phoenix, Ari-
zona, for the defendants-appellees.

Edmond D. Kahn, Tucson, Arizona, for intervenors-
defendants/appellees McKee and Bloom.

Jayme Shipp and William Perry Pendley, Mountain States
Legal Foundation, Lakewood, Colorado, for defendants-
intervenors/appellees Yes on Proposition 200, et al.

## ORDER

The appeal is dismissed for want of jurisdiction. The dis-
trict court record reveals that there was no case or controversy

---

*The Honorable Thomas M. Reavley, Senior United States Circuit
Judge for the Fifth Circuit, sitting by designation.

between plaintiffs and the State of Arizona when pleadings were before the district court. *See San Diego County Gun Rights Comm'n v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) ("Standing is an essential, core component of the case or controversy requirement."). The order of the district court, styled *Friendly House v. Napolitano*, and filed on December 22, 2004, must be vacated because the plaintiffs lack standing.

Plaintiffs appeal the district court's denial of a preliminary injunction to enjoin the enforcement of Arizona Proposition 200, addressing voter registration and public benefits. The plaintiffs are certain state and local employees subject to Proposition 200's criminal provision and certain potentially eligible benefit recipients. Plaintiffs have not met their burden of demonstrating an injury-in-fact. "[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). Although it is not necessary for a plaintiff to subject himself to actual arrest or prosecution in order to establish standing, *see, e.g.*, *Culinary Workers Union, Local 226 v. Del Pap*, 200 F.3d 614, 617-618 (9th Cir. 1999), a plaintiff must at least show a "genuine threat of imminent prosecution." *See San Diego County*, 98 F.3d at 1126. Here, plaintiffs have not articulated (1) a concrete plan to violate Proposition 200, (2) evidence that prosecuting authorities have communicated a specific warning or threat to initiate proceedings, or (3) a history of past persecution, which clearly cannot be shown here. *See Thomas*, 220 F.3d at 1139. Nor is a First-Amendment injury alleged which would relax the standing requirement. *See San Diego County*, 98 F.3d at 1129.

We therefore VACATE the order below and REMAND with instructions to DISMISS WITHOUT PREJUDICE. Neither party to receive costs.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.