419 F.3d 930
 FRIENDLY HOUSE; Samuel U. Chavira; Tammy Gregoire; Julia V., by and through his guardian ad litem; V. Beto; Marisol C., by and through
their guardian ad litem; Adan C.; Francisco C.; Alejandra C.; Lucy A.; Joaquin G., by and through their guardian ad litem; Manuel G.; Jose G.; Maria S., by and through their guardian ad litem; Sergio S.; Juanita S.; Nathan S.; Marco S.; Claudia S.; Lydia Hernandez, Plaintiffs-Appellants,
v.
Janet NAPOLITANO, in her official capacity as Governor of the State of Arizona; Jan Brewer, in her official capacity as Secretary of State of the State of Arizona; David A. Berns, Director of the Arizona Dept. of Economic Security, Defendants-Appellees,
Yes on Proposition 200; Randy Pullen; Federation for American Immigration Reform; Kathy McKee; Claudia Bloom, Defendants-Intervenors-Appellees.
 No. 05-15005.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 2005.
 Filed August 9, 2005.
 
 Hector O. Villagra, Mexican American Legal Defense and Educational Fund, Los Angeles, CA, for the plaintiffs-appellants.
 Mary O'Grady, Office of Attorney General, Phoenix, AZ, for the defendants-appellees.
 Edmond D. Kahn, Tucson, AZ, for intervenors-defendants/appellees McKee and Bloom.
 Jayme Shipp and William Perry Pendley, Mountain States Legal Foundation, Lakewood, CO, for defendants-intervenors/appellees Yes on Proposition 200, et al.
 Appeal from the United States District Court for the District of Arizona; David C. Bury, District Judge, Presiding. D.C. No. CV-04-00649-DCB.
 Before GOODWIN, REAVLEY,* and RAWLINSON, Circuit Judges.
 
 ORDER
 
 1
 The appeal is dismissed for want of jurisdiction. The district court record reveals that there was no case or controversy between plaintiffs and the State of Arizona when pleadings were before the district court. See San Diego County Gun Rights Comm'n v. Reno, 98 F.3d 1121, 1126 (9th Cir.1996) ("Standing is an essential, core component of the case or controversy requirement."). The order of the district court, styled Friendly House v. Napolitano, and filed on December 22, 2004, must be vacated because the plaintiffs lack standing.
 
 
 2
 Plaintiffs appeal the district court's denial of a preliminary injunction to enjoin the enforcement of Arizona Proposition 200, addressing voter registration and public benefits. The plaintiffs are certain state and local employees subject to Proposition 200's criminal provision and certain potentially eligible benefit recipients. Plaintiffs have not met their burden of demonstrating an injury-in-fact. "[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the `case or controversy' requirement." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir.2000) (en banc). Although it is not necessary for a plaintiff to subject himself to actual arrest or prosecution in order to establish standing, see, e.g., Culinary Workers Union, Local 226 v. Del Pap, 200 F.3d 614, 617-618 (9th Cir.1999), a plaintiff must at least show a "genuine threat of imminent prosecution." See San Diego County, 98 F.3d at 1126. Here, plaintiffs have not articulated (1) a concrete plan to violate Proposition 200, (2) evidence that prosecuting authorities have communicated a specific warning or threat to initiate proceedings, or (3) a history of past persecution, which clearly cannot be shown here. See Thomas, 220 F.3d at 1139. Nor is a First-Amendment injury alleged which would relax the standing requirement. See San Diego County, 98 F.3d at 1129.
 
 
 3
 We therefore VACATE the order below and REMAND with instructions to DISMISS WITHOUT PREJUDICE. Neither party to receive costs.
 
 
 
 Notes:
 
 
 *
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation