**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK JORDAN, | No. 23-15373 |
| Plaintiff-Appellant, | D.C. No. 4:22-cv-00134-JAS-PSOT |
| v. | |
| FEDERAL BUREAU OF PRISONS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted May 21, 2026
Phoenix, Arizona

Before: GOULD, BERZON, and HURWITZ, Circuit Judges.

Mark Jordan appeals the district court's dismissal of his Administrative Procedure Act ("APA") challenge to his prison disciplinary conviction. The district court determined that prison disciplinary convictions are not reviewable under the APA. We dismiss the appeal for lack of Article III standing because Jordan has not shown that any "[p]ast exposure to illegal conduct" has "continuing, present adverse

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

effects." *O'Neal v. City of Seattle*, 66 F.3d 1064, 1066 (9th Cir. 1995) (internal quotation marks omitted).

"[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (internal quotation marks omitted). For "[p]ast exposure to illegal conduct" to confer standing, it must be "[]accompanied by . . . continuing, present adverse effects." *O'Neal*, 66 F.3d at 1066 (internal quotation marks omitted). Once "the possibility of injury to the plaintiffs ceases," our jurisdiction ceases. *Am. C.L. Union v. Masto*, 670 F.3d 1046, 1062 (9th Cir. 2012).

There is no longer "an actual controversy" in this case, *Nike*, 568 U.S. at 90, because any "adverse effects" that Jordan may potentially suffer are too "conjectural or hypothetical" to confer Article III standing, *Los Angeles v. Lyons*, 461 U.S. 95, 102–03 (1983) (internal quotation marks omitted). Jordan's disciplinary sanction expired on December 6, 2019, and the Bureau of Prisons ("BOP") assured the court that after December 6, 2020, the disciplinary conviction can have no effect "on the severity of future sanctions [Jordan] might incur in Bureau custody." At oral argument, BOP represented that there are only two narrow scenarios where Jordan's past disciplinary conviction could negatively impact him in the future. First, BOP acknowledged that Jordan's disciplinary conviction resulted in a one-point increase in his Prisoner Assessment Tool Targeting Estimated Risk and Needs

("PATTERN") recidivism score, which could informally impact the subjective views of prison officials who see that information in his file. Second, BOP stated that if Jordan were to incur more infractions, then his one-point PATTERN-score increase could become material to his assigned risk classification.[1]

There is no indication, however, that Jordan's disciplinary conviction has or will materially change any prison official's subjective views of Jordan in a way that will concretely impact him. *See, e.g.*, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 438–39 (2021) (holding that the risk of future harm was too conjectural to establish Article III standing where it was unclear whether any party would view damaging information about the plaintiffs); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 (2013) (concluding that plaintiffs lacked standing where they could "only speculate" about how government actors would act in the future). Nor does Jordan have standing because he could potentially suffer future injury if he engages in additional negative conduct that renders his one-point PATTERN-score increase material to his risk classification. *See, e.g.*, *Lyons*, 461 U.S. at 107–08 (finding a chain of events that included the litigant's own misconduct too speculative to establish likelihood of future injury). That injury could occur only if (1) Jordan commits future violations, (2) BOP disciplines Jordan for those violations, and (3) those violations

---

[1] BOP stated that Jordan's PATTERN score is 21 and would be 20 without the challenged disciplinary conviction. BOP represented that Jordan would not move up into the next risk classification unless future infractions brought him above 24.

cumulatively push Jordan into a higher PATTERN recidivism-risk classification. Article III does not permit us to assume this much when assessing whether a current or future injury is "actual or imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted).

We vacate the district court's order and remand with instructions to dismiss. *See, e.g.*, *Friendly House v. Napolitano*, 419 F.3d 930, 932 (9th Cir. 2005); *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002). Each party shall bear its own costs.

**VACATED AND REMANDED WITH INSTRUCTIONS TO DISMISS.**